| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** CV 14-08738 SJO (MRWx)     **DATE:** June 30, 2015

**TITLE:** Michael Tate v. Oscar Deoca et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                       Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT FAMILY AUTOGROUP, INC.'S MOTION TO DISMISS** [Docket No. 43]

This matter comes before the Court on Defendant Family AutoGroup, Inc.'s ("Defendant") Motion to Dismiss ("Motion"), filed on May 28, 2015. Plaintiff Michael Tate ("Plaintiff") filed an opposition to the Motion ("Opposition") on June 8, 2015, to which Defendant filed a Reply on June 16, 2015. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for June 30, 2015. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **GRANTS** the Motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

In the operative complaint, Plaintiff alleges the following. Plaintiff is a California resident with physical disabilities. (Second Am. Compl. ("SAC") ¶ 1, ECF No. 39.) Specifically, Plaintiff is a quadriplegic who uses a wheelchair for mobility. (SAC ¶ 1.) Defendant is,[1] or was at the time of the incidents alleged, the business operator, lessor, or lessee for Familia Motors ("Familia"), a car dealership in South Gate, California. (*See* SAC ¶¶ 2, 7-8.)

In August 2014, Plaintiff went to Familia to test drive and potentially purchase a vehicle. (SAC ¶¶ 8-9.) In order to take a vehicle for a test drive, Plaintiff requested that Familia temporarily install vehicle hand controls on the selected test vehicle. (*See* SAC ¶¶ 9-12.) Plaintiff was then informed that Familia does not install vehicle hand controls on any vehicle for sale. (*See* SAC ¶¶ 9, 12-13.) Plaintiff maintains that Defendant's refusal to install hand controls constitutes an "architectural barrier" denying him full and equal access to Defendant's place of public accommodation. (*See* SAC ¶¶ 12-17.)

---

[1] All other defendants in this action have been dismissed pursuant to a stipulation approved by the Court or through the filing of an amended complaint. (*See* ECF Nos. 27, 39.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  CV 14-08738 SJO (MRWx)            **DATE:**  June 30, 2015

Plaintiff filed the instant lawsuit on November 11, 2014.  (*See generally* Compl.)  In the operative complaint, Plaintiff brings two causes of action for:  (1) violation of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* (SAC ¶¶ 20-27); and (2) violation of California's Unruh Civil Rights Act ("Unruh Act" or "Act"), Cal. Civ. Code § 51, *et seq.*  (SAC ¶¶ 28-30.)

In the instant Motion, Defendant seeks dismissal of the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12").

II.    DISCUSSION

　　　A.    Legal Standards for Defendant's Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also* Fed. R. Civ. P. 8(a).

　　　B.    Analysis

The underlying argument in Defendant's Motion is that Plaintiff has failed to identify "legal authority mandating the installation of vehicle hand controls in the vehicles sold by Defendant at Familia Motors."  (Mem. of P. & A. in Supp. of Def.'s [Mot.] ("Mot.") 11, ECF No. 43-1.)  On this basis, Defendant argues that Plaintiff's SAC cannot state a claim for violation of the ADA and should be dismissed without leave to amend.  (Mot. 11.)

In its Motion, Defendant cites three recent cases from the Southern District of California that Defendant argues "have found on identical legal circumstances [to those in this lawsuit] that the ADA does not require [car] dealerships to provide hand controls for test drives." (Mot. 19.)  Those cases are *Schutza v. FRN of San Diego, LLC ("FRN")*, No. CV 14-02628 JM, 2015 U.S. Dist. LEXIS 60212 (S.D. Cal. May 7, 2015); *Schutza v. Courtesy Chevrolet Ctr. ("Courtesy Chevrolet")*, No. CV 14-02576 BAS, 2015 U.S. Dist. LEXIS 49716 (S.D. Cal. Apr. 15, 2015); and *Karczewski v. K Motors, Inc. ("K Motors")*, No. CV 14-02701 MMA, 2015 U.S. Dist. LEXIS 45226 (S.D. Cal. Mar. 23, 2015).[2]  Plaintiff maintains that the holdings in *FRN*, *Courtesy Chevrolet*, and *K Motors* should not affect the Court's decision on the instant Motion because the judges adjudicating those cases:  (1) referred to each other as authority; and (2) allegedly failed to take

---

　　　[2] Plaintiff's counsel in the instant lawsuit, Mark Potter of the Center for Disability Access (*see* SAC 1, 8), was also counsel for the plaintiffs in those matters.  *See FRN*, 2015 U.S. Dist. LEXIS 60212, at *1; *Courtesy Chevrolet*, 2015 U.S. Dist. LEXIS 49716, at *1; *K Motors*, 2015 U.S. Dist. LEXIS 45226, at *1.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 14-08738 SJO (MRWx)</u>   **DATE:** <u>June 30, 2015</u>

notice of a technical letter issued by the Department of Justice ("Technical Letter"). (Opp'n 11-12.) Plaintiff also argues that those three cases are "hardly an established body of case law" and are currently on appeal. (Opp'n 11.) Finally, Plaintiff cites an order issued by the Southern District of California, *Schutza v. CarMax Auto Superstores Cal., LLC ("CarMax")*, No. CV 14-02617 L, 2015 WL 1632716 (S.D. Cal. Apr. 13, 2015),[3] in which the court denied the defendant's motion to dismiss where the disabled plaintiff's claims arose from defendant's alleged failure to install vehicle hand controls for test drives. (Opp'n 11.)

      1.    <u>ADA Claim</u>

The ADA prohibits discrimination based on disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a). The term "public accommodation" encompasses "shopping center[s] or other sales or rental establishment[s]." 42 U.S.C. § 12181(7)(E).

Discrimination in violation of the ADA may be based on "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable," in turn, is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). The ADA regulations promulgated by the United States Department of Justice (the "DOJ") provide 21 examples of architectural barriers for which "removal is readily achievable." 28 C.F.R. § 36.304(b) ("Section 36.304"). According to Section 36.304, "[e]xamples of steps to remove barriers include, but are not limited to": (a) installing ramps, (b) widening doors, (c) creating designated accessible parking spaces, and (d) repositioning shelves, telephones, and paper towel dispensers, among other things. *See* 28 C.F.R. § 36.304(b). The final item listed in Section 36.304 for which "removal is readily achievable" is "[i]nstalling vehicle hand controls." 28 C.F.R. § 36.304(b).

In the SAC, Plaintiff alleges that he is disabled and that Defendant owns, operates, or leases a business establishment that is a place of public accommodation. (SAC ¶¶ 1-2, 7-9.) It is clear from the SAC, therefore, that Plaintiff has sufficiently alleged that Familia, as a car dealership, "is a place of public accommodation subject to the architectural barrier requirements of the ADA." *See FRN,* 2015 U.S. Dist. LEXIS 60212, at *6-7. Thus, the question before the Court is whether Plaintiff has stated a claim for ADA discrimination in violation of the ADA based on the alleged architectural barrier created by Defendant's failure to install vehicle hand controls in its vehicles used for test drives. For the following reasons, the Court finds that he has not.

---

    [3] Notably, the four cases cited by the parties and referred to in this Order, all of which were issued by the Southern District of California, are the only cases the Court has found dealing directly with the legal question of whether the ADA requires car dealerships to install vehicle hand controls in their vehicles for sale to facilitate test drives by persons with disabilities.

Case 2:14-cv-08738-SJO-MRW Document 54 Filed 06/30/15 Page 4 of 8 Page ID #:273

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 14-08738 SJO (MRWx)  DATE: June 30, 2015

   a. <u>Architectural Barrier</u>

Plaintiff argues that Defendant has violated 42 U.S.C. § 12182(b)(2)(A)(iv) by failing to remove an architectural barrier in the form of its vehicles' lack of vehicle hand controls. (Opp'n 4.) In the SAC, Plaintiff alleges that removal of this alleged architectural barrier is "readily achievable" under 28 C.F.R. § 36.304(b)(21). (*See* SAC ¶¶ 21.b, 24.) Defendant argues that because its vehicles for sale are "goods" that comprise its inventory, as opposed to part of its facilities, Plaintiff's interpretation of the term "architectural barrier" falls outside the scope of the ADA statutes and regulations upon which Plaintiff relies. (Reply 4-5.) The Court agrees.

28 C.F.R. § 36.304(a) provides that "[a] public accommodation shall remove architectural barriers in existing facilities." "While the ADA itself does not define 'architectural barrier,' the Title III Technical Assistance Manual defines architectural barriers as '**physical elements of a facility** that impede access by people with disabilities.'" *K Motors*, 2015 U.S. Dist. LEXIS 45226, at *4-5 (citing ADA Title III Technical Assistance Manual § III-4.4000 (the "Manual")) (emphasis added). On this basis the courts deciding *FRN*, *Courtesy Chevrolet*, and *K Motors* concluded that claims like Plaintiff's do not arise out of or relate to architectural barriers existing at the defendant's facilities, but instead relate to the vehicle inventory sold by the defendant; thus, they concluded such allegations fail to state a claim under 28 C.F.R. § 36.304(a). *See FRN*, 2015 U.S. Dist. LEXIS 60212, at *7; *Courtesy Chevrolet*, 2015 U.S. Dist. LEXIS 49716, at *4-5; *K Motors*, 2015 U.S. Dist. LEXIS 45226, at *4-5. For the following reasons, the Court agrees with this conclusion.

As noted by Judge Miller in *FRN*, the installation of vehicle hand controls is an "outlier" among the DOJ's 21 examples of architectural barriers for which removal is "readily achievable." *FRN*, 2015 U.S. Dist. LEXIS 60212, at *5-6. This is because unlike installing ramps, rearranging furniture, and widening doors, *see* 28 C.F.R. § 36.304(1), (4), (8), installing vehicle hand controls in vehicles for sale pertains to "the regulation of vehicles sold at the facility," rather than "the removal of **architectural** barriers" affecting a disabled person's ability to access the defendant's car dealership. *See id.* at *6; *see also Courtesy Chevrolet*, 2015 U.S. Dist. LEXIS 49716, at *4-5 ("Here, Defendant's vehicles are its inventory, not an architectural barrier arising from the structure of its public accommodations. Courts have regularly distinguished between access to goods and the goods themselves, finding that only access to the goods is required by the ADA.") (citation omitted).

In an apparent effort to avoid this conclusion, Plaintiff argues that "it would be a mistake to resort to a conventional interpretation of the word 'architectural'" in interpreting 28 C.F.R. § 36.304(a). (Opp'n 4.) Thus, although Plaintiff acknowledges that the Manual defines architectural barriers as "physical elements of a facility that impede access by people with disabilities," ADA Title III Technical Assistance Manual § III-4.4100, he nonetheless insists that "[c]learly the lack of vehicle hand controls is a physical element." (Opp'n 6.) While vehicle hand controls may be a "physical element" of a **vehicle**, the Court is not persuaded that Plaintiff has demonstrated that such controls are a physical element of a car dealership's **facilities**.

CASE NO.: CV 14-08738 SJO (MRWx)          DATE: June 30, 2015

Quoting *Portland 76 Auto/Truck Plaza, Inc. v. Union Oil Co. of Cal.*, 153 F.3d 938, 946 (9th Cir. 1998), Plaintiff argues that "a word in a statute cannot be understood simply by substituting for the word its dictionary definition." (Opp'n 4.) Plaintiff also cites *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) for the proposition that "the Ninth Circuit has found that goods and services are covered [by Title III of the ADA] and . . . that there must [merely] be 'some connection between the good or service complained of and an actual physical place'" for 28 C.F.R. § 36.304 to apply. (Opp'n 6-7) (original emphasis omitted). These arguments are unpersuasive.[4]

The Supreme Court has held that "in construing a statute, courts generally give words not defined in a statute their 'ordinary or natural meaning.'" *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1041 (9th Cir. 2004) (citation omitted); *see also Aguayo v. U.S. Bank*, 653 F.3d 912, 925 (9th Cir. 2011) ("When performing statutory interpretation, 'words are uniformly presumed, unless the contrary appears, to be used in their ordinary and usual sense, and with the meaning commonly attributed to them.'") (citation omitted).[5] Here, the relevant part of 28 C.F.R. § 36.304 states that "[a] public accommodation shall remove architectural barriers in existing facilities . . . where such removal is readily achievable." The term "architectural" is commonly defined as "of or relating to architecture," while the term "architecture" is defined as "the art or practice of designing and building **structures** and especially habitable ones." *Merriam-Webster's Collegiate Dictionary* 61 (10th ed. 2002). Thus, the ordinary meaning of the term architectural would be "of or relating to the art or practice of designing and building structures," i.e. buildings and facilities, not vehicles and other goods. The Manual's definition of architectural barriers as "physical elements of a facility that impede access by people with disabilities," only bolsters this conclusion. *See* ADA Title III Technical Assistance Manual § III-4.4100. On this basis, the Court agrees with the cases cited by Defendant that "Defendant's vehicles are its inventory, not an architectural barrier arising from the structure of its public accommodations." *See Courtesy Chevrolet*, 2015 U.S. Dist. LEXIS 49716, at *4-5. For the foregoing reasons, the Court concludes that "[a] vehicle for sale at a car dealership simply does not fall within the ADA's meaning of an 'architectural barrier.'" *See K Motors*, 2015 U.S. Dist. LEXIS 45226, at *5 (citation omitted); *FRN*, 2015 U.S. Dist. LEXIS 60212, at *8 n.3 ("Plaintiff makes no showing that 'vehicle hand controls' relate[], in any manner, to any structural or architectural barrier at the dealership's physical facilities.").

---

[4] In *Weyer*, the Ninth Circuit examined whether an insurance company that administered an employer-provided disability plan was a "place of public accommodation" within the meaning of Title III. 198 F.3d at 1114. In analyzing this issue, the court applied the principle of *noscitur a sociis*, which requires that statutory terms be interpreted within the context of accompanying words. *Id.* On this basis, the Court concluded that the context surrounding the term "place of public accommodation," indicated that "some connection between the good or service complained of and an actual physical place is required." *Id.* (footnote omitted).

[5] Courts apply these basic rules of interpretation to regulations as well. *See Aguayo*, 653 F.3d at 925 (citing *Hillsborough Cnty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985)).

Case 2:14-cv-08738-SJO-MRW Document 54 Filed 06/30/15 Page 6 of 8 Page ID #:275

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 14-08738 SJO (MRWx)          DATE: June 30, 2015

        b.        28 C.F.R. § 36.307(a)

The Court reaches this conclusion for a second reason. 28 C.F.R. § 36.307(a) states that Title III "does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities." Accordingly, the courts deciding *FRN*, *Courtesy Chevrolet*, and *K Motors* concluded that "[p]ursuant to this regulation, [a defendant] is under no duty to modify its vehicle inventory to accommodate individuals with disabilities" and "the vehicles sold by [the defendant], as opposed to the physical facilities of the dealership, need not comply with 42 U.S.C. § 12182(b)[(2)](A)(iv)." *FRN*, 2015 U.S. Dist. LEXIS 60212, at *7-8 (footnote omitted); *see also K Motors*, 2015 U.S. Dist. LEXIS 45226, at *5-7; *Courtesy Chevrolet*, 2015 U.S. Dist. LEXIS 49716, at *4-5. The sole case that Plaintiff cites (*see* Opp'n 11), and the Court has found, which denied a motion to dismiss where the plaintiff alleged claims similar to those in Plaintiff's SAC, failed to mention or account for 28 C.F.R. § 36.307(a) in its analysis of the plaintiff's ADA claim under 28 C.F.R. § 36.304. *See CarMax*, 2015 WL 1632716, at *2-4; *see also FRN*, 2015 U.S. Dist. LEXIS 60212, at *12 n.5 (noting the *CarMax* court's failure to account for § 36.307(a)).

As explained by the Seventh Circuit:

> The common sense of the [ADA] is that the content of the goods or services offered by a place of public accommodation is not regulated. A camera store may not refuse to sell cameras to a disabled person, but it is not required to stock cameras specially designed for such persons. Had Congress purposed to impose so enormous a burden on the retail sector of the economy and so vast a supervisory responsibility on the federal courts, we think it would have made its intention clearer and would at least have imposed some standards.

*Doe v. Mutual Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999); *see also Nat'l Fed. of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 956 (N.D. Cal. 2006) ("The purpose of the ADA's public accommodations requirements is to ensure accessibility to the goods offered by a public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided.") (citation and quotation marks omitted). Thus:

> [W]hatever goods or services [a] place provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods and services. This language does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided. Thus, a bookstore cannot discriminate against disabled people in granting access, but need not assure that the books are available in Braille as well as print. Likewise, an insurance office must be physically accessible to the disabled but need not provide insurance that treats the disabled equally with the non-disabled.

*Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 671 (9th Cir. 2010) (quoting *Weyer*, 198 F.3d at 1115) (quotation marks omitted).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 14-08738 SJO (MRWx)          DATE:  June 30, 2015

Here, Plaintiff does not challenge the physical accessibility of Defendant's car dealership, but the features with which its vehicles are outfitted for the purposes of test drives. (*See generally* SAC.) However, as stated in *K Motors*, "[a] car dealership is a retailer.  A vehicle for sale at a car dealership is a 'good' that is part of the dealership inventory.  Under the plain terms of Title III's implementing regulations, a car dealership does not have to alter its inventory to include vehicles with special modifications for disabled drivers." 2015 U.S. Dist. LEXIS 45226, at *7.  Thus, the Court is unpersuaded that Plaintiff can state a claim for discrimination in violation of 42 U.S.C. § 12182(b)(2)(A)(iv) based on Defendant's alleged refusal to equip its inventory with vehicle hand controls to facilitate test drives by persons with disabilities.[6]

The Technical Letter filed concurrently with Plaintiff's Opposition does not change this result. (*See generally* Technical Letter, ECF No. 49-2.)  The letter was sent to one inquiring entity on November 10, 1998, and, by its own terms, "does not constitute a legal opinion[] and is not binding on the [DOJ]." (Technical Letter 1.)  Further, although more than fifteen years have elapsed since the letter was issued, Plaintiff cites only one case in support of his requested relief (Opp'n 11), and *CarMax* fails to address 28 C.F.R. § 36.307(a)'s unequivocal statement that Title III "does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities."

In sum, Plaintiff fails to state a plausible claim for discrimination against Defendant under Title III of the ADA.  *See Iqbal*, 556 U.S. at 679.  "Because any amendment would be futile, there [is] no need to prolong the litigation by permitting further amendment." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) (citations omitted).  Accordingly, the Court **GRANTS** Defendant's Motion with respect to Plaintiff's ADA claim and **DISMISSES** Plaintiff's first cause of action **without leave to amend**.

---

[6] The Court also rejects Plaintiff's argument that the two illustrations identified in the 1994 Supplement of the Manual, ADA Title III Technical Assistance Manual § III-4.4200 (1994 Suppl.) ("Manual Suppl."), require Defendant to install and uninstall vehicle hand controls in its vehicles for sale. (*See* Opp'n 6-7, 9.)  One of the examples set forth in the Manual Supplement specifically relates to removing barriers to allow access to washing machines at laundromats, and states that "[a]lthough manufacturers of washing machines are not obligated under the ADA to produce machines of a particular design, laundromats or resort guest laundry rooms must do what is readily achievable to remove barriers to the use of existing machines." Manual Suppl. § III-4.4200.  The second example relates to the duty of a **rental car company** to install vehicle hand controls in their rental cars where doing so is "readily achievable." Manual Suppl. § III-4.4200.  As noted by the *FRN* court, these "illustrations do not readily translate to the circumstances of this case" because:  (1) they pertain to businesses "provid[ing] **services** to the general public . . . [not] the sale of goods"; and (2) they appear to contravene 28 C.F.R. § 36.307(a), which states that Defendant is not required to alter its inventory to include accessible or special goods. 2015 U.S. Dist. LEXIS 60212, at *11-12 (emphasis added).  Thus, the illustrations are inapposite.

JS-6                    **UNITED STATES DISTRICT COURT**
                         **CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:    <u>CV 14-08738 SJO (MRWx)</u>                  DATE:   <u>June 30, 2015</u>

      2.    <u>Unruh Act Claim</u>

Plaintiff's second cause of action is for violation of the Unruh Act. (SAC ¶¶ 28-30.) The Unruh Act provides that "[a]ll persons within the jurisdiction of [California] . . . no matter what their . . . disability . . . are entitled to full and equal accommodations . . . in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Act also states that "[n]o business establishment . . . shall discriminate against . . . any person in [California]" based on his or her disability. Cal. Civ. Code § 51.5(a). Here, Plaintiff's claim under the Unruh Act is exclusively based on his ADA claim. (*See* SAC ¶ 29.) Because the Court finds that Plaintiff has failed to state a claim for violation of the ADA, his claim under the Unruh Act also fails. Accordingly, the Court **DISMISSES** Plaintiff's second cause of action **without leave to amend**.

III.    <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** this action **with prejudice**. This matter shall close.

IT IS SO ORDERED.